No. 3640.—A. Rochereau & Co., Agents, v. Marcel Guidry.

An attachment is void if it is issued by a judge who has no jurisdiction over the case in which it is issued.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont*, J. *C. E. Schmidt*, for plaintiffs and appellees. *Charles Louque*, for defendant and appellant.

Wyly, J. The plaintiffs sued the defendant for rent and for damages in the parish of Orleans, alleging, however, that he is a resident of the parish of St. James; they also attached certain funds belonging to the defendant in the hands of the garnishee, on the ground that he was about to assign and dispose of his property for the purpose of defrauding his creditors. The defendant moved to dissolve the attachment on the ground that the affidavit is untrue; that he was not about to assign or dispose of his property for the purpose of defrauding his creditors; and he also excepted to the jurisdiction of the court, he being a citizen of the parish of St. James.

The court decided that it had no jurisdiction of the defendant, because his domicile was in another parish, but held that it had jurisdiction of the thing attached, and would hold it subject to the order of the court, having jurisdiction of the person of the defendant.

The defendant appeals.

Under article 162, C. P., as amended by act of 1861, the defendant should be sued before the judge having jurisdiction of the place of his

domicile, except in the cases expressly provided by law. The case before us is not within the exceptions mention in the Code of Practice.

The court was, therefore, without jurisdiction to grant any order binding on the defendant, because his domicile was in the parish of St. James.

The attachment, being merely a conservatory remedy, should have been issued by the court having jurisdiction of the case.

It is therefore ordered that the judgment appealed from be annulled, and it is now ordered that the attachment herein be set aside, with costs.